Town of East Greenwich *vs.* Napoleon Guenond.

Napoleon Guenond *vs.* Superior Court.

MARCH 1, 1911.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Forcible Entry and Detainer. Bill of Exceptions.*

A bill of exceptions does not lie, in an action of forcible entry and detainer, under Gen. Laws 1909, cap. 340.

(2) *Forcible Entry and Detainer. Complaints. Delegation of Authority.*

Gen. Laws 1909, cap. 46, § 19, provides "Every suit, whether in law or equity, brought by a town, shall be brought in the name of the town, unless otherwise directed specially by law." A town council voted that the town sergeant be authorized and directed to take any and all necessary steps to eject any persons holding possession of certain real estate.

Gen. Laws 1909, cap. 340, of forcible entry and detainer, provides that "whenever complaint shall be made in writing and under oath of the complainant or of someone in his behalf," etc., that warrant in such action shall issue, etc.,

Complaint was made in an action of forcible entry and detainer by the town sergeant, "acting for and in behalf of the town," and was signed "J. H. M., town sergeant of the town of E. G.":—

*Held,* that this was not a compliance with the requirements of the statute, and that the action not being brought by the proper plaintiff, the proceedings would be quashed.

*Held,* further, that the vote of the town council left to the uncontrolled discretion of the town sergeant to determine what steps should be taken, and was bad under that rule of law that discretionary powers granted to one person or body can not, by that person or body, be delegated to another.

*Held*, further that the normal action to "eject any persons holding possession," of the real estate was the action of trespass and ejectment.

(3)  *Forcible Entry.*

The *"manu forti"* essential to maintain an action of forcible entry and detainer is entirely different in its legal significance from the *"vi et armis"* of the ordinary trespass.

(4)  *Town Council not the town.*

The town council is not the corporation known in the law as the town.

(5)  *Forcible Entry and Detainer.   Payment of Jurors.   Statutes.*

Gen. Laws 1909, cap. 340, § 11 of forcible entry and detainer, provides that the attendance and travel of the jurors shall be paid in the first instance by the complainant before the verdict shall be received:—

*Held*, that this requirement was mandatory and not directory, and, the fees of the jurors not having been paid, the court was without jurisdiction to receive the verdict.

FORCIBLE ENTRY AND DETAINER.  Heard on exceptions of respondent and on petition for *certiorari*.  Exceptions dismissed for lack of jurisdiction.  Petition for writ granted.

BLODGETT, J.   After verdict against the defendant Guenond in this action of forcible entry and detainer, he seeks to review the proceedings in the Superior Court, *first,* by a bill of exceptions and also by a petition for a writ of *certiorari.*

(1)   We are clearly of the opinion that a bill of exceptions does not lie in this proceeding under the provisions of Gen. Laws, 1909, Chap. 340, §§ 8 and 9, as follows: "SEC. 8.   No appeal shall be allowed from the judgment of said court, nor shall a new trial be granted, in this proceeding, nor shall such judgment be a bar to any action thereafter brought by either party.   SEC. 9.   Such proceeding may be removed by *certiorari* into the supreme court, and be there quashed for irregularity, if any such there be."

The exceptions, accordingly, must be dismissed, for lack of jurisdiction in this court to entertain them.

The petition for a writ of *certiorari* relies upon several assignments of error, of which we consider the following:

"*Second:*  Because said complaint is made by John H. Murray, town sergeant of the town of East Greenwich, and

alleges that the town of East Greenwich had custody and possession of the buildings and lands described in said complaint, and that the respondent, this petitioner, having made unlawful and forcible entry therein, with a strong hand did expel said town of East Greenwich from the possession thereof, and with like strong hand detains the same.

"*Third*: Because John H. Murray, town sergeant of the town of East Greenwich, complains that the respondent, this petitioner, having had peaceable entry into the building and lands described in the petition, the same being then and there in the possession of said town of East Greenwich, unlawfully and with force holds and detains the same (not from the petitioner, but) from said town of East Greenwich.

"*Fourth:* Because it does not appear that the town of East Greenwich ever made any complaint of forcible entry or forcible detainer against the respondent, this petitioner.

"*Fifth:* Because it does not appear that said John. H. Murray was ever authorized by the town of East Greenwich to make said complaint, or that the said Murray had any lawful authority to make the same."

We are of the opinion that these are valid objections and are sufficient to defeat the action.

(2)    The language of the statute under which the action is brought is as follows: (Gen. Laws, 1909, cap. 340, § 1): "Whenever complaint shall be made in writing and under oath of the complainant, or of someone in his behalf, to a justice of the superior court, that any person has made unlawful and forcible entry into lands or tenements, and with a strong hand detains the same, or that, having lawful and peaceable entry, or peaceable entry, into lands or tenements, any person unlawfully and with force holds and detains the same, such justice shall make out his warrant under his hand and seal, directed to the sheriff of the county in which such lands or tenements lie, or to his deputy, commanding him in behalf of the state to cause to come before the superior court, at such time and place as he shall appoint within such county, twelve good

and lawful men of the same county, which warrant shall be in the following form," etc.

This doubtless requires the complaint to be verified by the oath of the complainant or by the oath of someone in behalf of the complainant, but does not change the general provisions of the law as to who shall constitute such complainant.  The amended complaint reads as follows:  "Now comes John H. Murray, as town sergeant of the town of East Greenwich, acting for and in behalf of said town of East Greenwich, a municipal corporation, complains," etc. . . .  "Wherefore this complainant, for and in behalf of the said town of East Greenwich, prays this court to issue its warrant," etc.  The complaint is signed as follows:  "John H. Murray, Town Sergeant of the Town of East Greenwich."  It is sought to justify this action by evidence of a vote of the town council of East Greenwich, passed September 29, 1910, as follows, viz.:  "Voted: That the town sergeant be and he is hereby authorized and directed to take any and all steps necessary or essential to eject any and all persons now occupying or holding possession of that certain real estate which was conveyed by John A. Place to school district No. 2 of the town of East Greenwich, by deed dated November 18, 1857, which said deed is recorded in the town clerk's office in this town of East Greenwich in deed book, No. 16, at pages 315 and 316, and to take any and all steps necessary to put the school authorities of this town in possession of said real estate.  Said town sergeant is hereby authorized to employ any necessary legal assistance that he may require in the premises."

We find no authority of law for such a substitution of one complainant for another.  Gen. Laws, 1909, cap. 46, § 19, provides as follows:  "Every suit, whether in law or equity, brought by a town, shall be brought in the name of the town unless otherwise directed specially by law."  Clearly this is not a compliance with the requirements of the statute.  Gen. Laws, 1909, cap. 357, § 9, is as follows:  "Whenever any penalty or forfeiture, or any part thereof, shall be given to any town by any penal statute, the town council may sue

therefor in the name of the town, or the proper prosecuting officer in the name of any city which shall be entitled to the benefit thereof, and the town council may remit the whole of such penalty or forfeiture." But even if this action were included in the terms of that section, it would then require the action to be brought in the name of the town by the town council. Indeed, if this were an action to recover compensation for the use and occupation of the premises in question, it would hardly be contended that the proper plaintiff was before the court. In *State* v. *Fiske*, 9 R. I. 94, 96, it is said by Durfee, J.: "The rule is well settled, that discretionary powers which are granted to one person or body, cannot by that person or body, be delegated to another." The vote of the town council above referred to leaves to the uncontrolled discretion of Murray to determine what steps shall be taken in the premises. The normal action to "eject any and all persons now occupying or holding possession of that certain real estate," etc., is obviously the well-known action of trespass and ejectment; but here resort has been had to this extraordinary summary and statutory proceeding, which by the terms of Gen. Laws, 1909, cap. 340, § 1, *supra,* is only applicable when such a person "has made unlawful and forcible entry into lands or tenements and with a strong hand detains the same, or that having lawful and peaceable entry or peaceable entry into lands or tenements any person unlawfully and with force withholds and detains the same," etc. And the "*manu forti*" essential to maintain this proceeding is entirely different in its legal sigificance from the "*vi et armis*" of the ordinary trespass. *Saunders* v. *Robinson,* 5 Metc. 343.

(4)  But the town council is not the corporation known in the law as the town. Gen. Laws, 1909, cap. 46, § 1, is as follows: "The inhabitants of every town shall continue to be a body corporate, and may, in their corporate name, sue and be sued, prosecute and defend, in any court and elsewhere." The distinction was clearly made in *Lowber* v. *Mayor, etc., of New York,* 5 Abbott's Practice Reports, 325, 329: "It is an erroneous impression, although a very prevalent one, that the

members of the common council constitute the corporation. The city of New York, in the language of the Dongan charter, 'is an ancient city, and the *citizens* of the said city have anciently been a body politic and corporate;' and in the language of the Montgomerie charter, it was 'the *inhabitants and citizens* of said city,' whom the crown 'though fit' to constitute a 'body politic and corporate, by the name and style of the mayor, aldermen, and commonalty of the city of New York.' It is the 'citizens,' and not the aldermen merely and their associates, who form the corporations, and, in their aggregate character, the corporation. Aldermen, like other officers, are elected, not to supersede, but to aid the citizens, in the 'better government of the city,' and, so far as questions of property and revenue are concerned, they may be likened to directors of banking and railroad companies. They are trustees of the common fund, of which the citizens are the stockholders, or, as the law expresses it, the *cestui que* trusts." To the same effect, also, is the language of Elliott, C. J., in *city of Valparaiso et al.* v. *Gardner*, 97 Ind. 1–6: "An error frequently finds its way into trains of reasoning from the assumption, often made, that the officers are the corporation. This assumption is radically erroneous, for it is the inhabitants, and not the officers, who constitute the public corporations of the land."

Inasmuch as the action is not brought by the proper plaintiff, it follows that the proceedings must be quashed.

Of the remaining assignments of error, we consider only one, which, as a question of practice, may be of importance to the members of the bar.

The fifteenth assignment of error is as follows: "Because the Court received and recorded the verdict of the jury before the complainant or anyone in his behalf paid the attendance and travel of the jury in accordance with the provisions of section 11 of chapter 340 of the General Laws of 1909."

Section 11 of said chapter 340 is as follows: "Every person summoned and attending as a juror shall be entitled to the same allowance per day for his attendance and for travel per

mile as for like attendance and travel in the superior court; to be paid in the first instance by the complainant before the verdict shall be received, and to be taxed in the bill of costs against the defendant, if the verdict be against him."

The record shows that the verdict was returned and received by the court on November 14, 1910, and that the amount due for travel and attendance of the jurors was not then paid, though paid on a subsequent day.

In *Levy* v. *David*, 24 R. I. 249, it was said by Stiness, C. J., of the action of forcible entry and detainer: "Although this is an ancient remedy, it is based upon considerations of public policy rather than upon settlement of individual rights, and is of statutory rather than of common law authority. Rules of construction are therefore largely dependent upon the terms of the statutes, which vary in details. There is, however, a general agreement in holding that the remedy is of such a summary character as to require a complainant to bring himself strictly within statutory provisions."

We therefore hold that the foregoing requirement is mandatory and not directory merely. The jurors in a case of forcible entry and detainer are not entitled to be paid their fees for travel and attendance out of the State treasury as in other civil and criminal cases, and hence the statute requires payment by the complainant in the first instance and before the verdict is received. The jurors are required to attend at the command of the state and to leave their homes and their business for that purpose, and, being so obligated, it is the evident policy of the law that the complainant who invokes this extraordinary and summary proceeding shall not be permitted to withhold their compensation in the event of an adverse verdict. Clearly, if the jurors' fees were never paid, the court would have no jurisdiction to enter judgment upon such a verdict. We see no reason for departing from the requirement of the letter of the statute, since in that way only can it be made effective, inasmuch as if payment may be delayed at all it may be delayed without limit. The court therefore was without jurisdiction to receive the verdict in question on said November 14, 1910.

The exceptions in said cause are dismissed for lack of jurisdiction in this court to entertain the same.

· The petition for a writ of *certiorari* is granted, and, inasmuch as the whole record has been sent up to this court with the proceedings relative to the bill of exceptions, and all the questions raised in each proceeding have been fully argued, the case is treated as though the writ had issued and the record of the proceedings will be quashed.

*Quinn and Kernan,* for town of East Greenwich.

*Samuel W. K. Allen,* for Napoleon Guenond.